UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR217 HEA |
| ) | |
| ELBERT D. ELLIS, ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No.'s 28 and 29], of United States Magistrate Judge Thomas C. Mummert, III, pursuant to 28 U.S.C. § 636(b). Judge Mummert recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 18], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recordings of the hearing held on June 3, 2008.

## **Discussion**

Defendant objects to Judge Mummert's conclusion that Defendant and Ms. Wakem gave Officer Holmes and other officers unlimited consent to search the residence at 4349 Marion Garden Lane for a gun. Defendant's objections in this regard are without merit. Although Defendant argues that failure to consent would have resulted in a revocation of his supervised release, Officer Holmes testified that he explained the reason for the search, *i.e.*, that the search was intended to search for weapons, since he had heard shots coming from the area of Defendant's residence, rather than a "walk through" by a probation officer. Defendant and Ms Wakem gave oral consent to the entire search. Officer Holmes testified that his subsequent request to sign a consent was done to formalize the matter since consent had already been given. Neither Defendant nor Ms. Wakem placed any limits on the extent of the search. Ms Wakem's request to accompany the officers during the search did not limit the extent of the search, nor did it require her to be present during the entire search.

Defendant argues that once Officer Holmes' search was complete, the officers no longer maintained any consent to subsequent searches. This argument fails in that the search was a continuation, rather than a "subsequent" search which required no additional consent. The original consent reasonably included the continuation of the

search in the basement of the residence. Furthermore, there is no evidence that either Defendant or Ms. Wakem requested that the search cease. Defendant's argument that the officers' search of the storage room was not pursuant to consent is of no avail. The officers reasonably relied on the original consent to continue the search; Officer Curry's search was not limited to reporting violations that he saw in plain view. "'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?' *Florida v. Jimeno,* 500 U.S. 248, 251 (1991). The defendant's 'actual subjective state of mind at the time that he allegedly gave his consent is not determinative; our focus, rather, is on how a reasonable person could have perceived his state of mind at that time.' *United States v. Cedano-Medina,* 366 F.3d 682, 684-85 (8th Cir.2004)." *U.S. v. Starr,* 2008 WL 2485178, 6 (8th Cir. 2008). In that nothing further was articulated by Defendant or Ms. Wakem regarding the continuation of the search, it was reasonable for the officers to believe that the consent remained.

The Court's independent review of the record, listening to the audio tape of the hearing supports the Court's conclusion that the search of the basement and all of its contents, including the storage room was proper.

Defendant further challenges the credibility of Officer Holmes with respect to Defendant and Ms. Wakem's consent because of alleged inconsistencies in his testimony. This Court has, as noted, listened to the audio tape of the hearing and concludes that Officer Holmes' testimony is credible. Officer Holmes clearly articulated the relevant facts as to the events that transpired. There is no evidence before the Court contradicting his testimony that consent was given.

## **Conclusion**

Having conducted a *de novo* review of the Motion to Suppress Evidence and the record before the court, Defendant's objections are overruled. The Memorandum contains a very thorough and cogent discussion and analysis of the facts and applicable law. The Court, therefore will adopt Judge Mummert's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 18], is **DENIED**.

Dated this 7th day of July, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE